**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CASCADE ENERGY & METALS
CORPORATION,

     Plaintiff,

and

DR. HAROLD MASUNAGA; YUKIO
AYABE; THE ESTATE OF MARIAN
HARADA; RESOURCE CONCEPTS,
INC.; TELEGRAPH GOLD
CORPORATION, as successor in
interest to the claim of George
Pingree,

     Surety-Plaintiffs-Appellants,

v.

JEFFREY G. BANKS; KENNETH
CALDWELL; COASTAL
COMPUTER INVESTMENTS;
ELMER J. DAVIS; ROGER A.
MANN; H. E. MOSES; ROBERT A.
NICKERSON; PETER P.  SAMARIN;
HERBERT W. STOLTENBERG;
EDWIN STOLTENBERG; PATRICIA
STOLTENBERG; CHRIS WAUGH;
SAMUEL HARMATZ; BERNARD
HODOWSKI; MANN CALDWELL
PARTNERSHIP; DELFORD R.
ASHLEY; GEORGE SLATER;

No. 98-4185
(District of Utah)
(D.C. No. 82-CV-1223-J)

PATRICIA SLATER; ROBERT
DOUB; SAM HAMBARIAN; ALYCE
HAMBARIAN; LIONEL ASCHER; A.
C. MEJEDLY; THE ESTATE OF R. E.
DONAHEY; GRACE V. DUNCAN;
ELLIOT WEINBERG,

     Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **BRISCOE,** and **MURPHY**, Circuit Judges.

---

The appellant sureties appeal the district court's order granting summary judgment to the judgment creditors and denying it to the sureties, thus allowing the judgment creditors to enforce the underlying judgment by collecting on supersedeas bonds posted by the Sureties. The sureties assert four bases to reverse the district court's order: (1) material facts were in dispute; (2) the district court erred in concluding that the judgment creditors did not actively conceal pertinent information; (3) the district court erroneously determined the judgment creditors' failure to disclose judgment recordings did not constitute a material

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

non-disclosure under Restatement of Securities § 124; and (4) the district court incorrectly decided that the judgment creditors did not impair the sureties' collateral.  This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court reviews a grant of summary judgment *de novo*, applying the same legal standards used by the district court.  *See Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1135 (10th Cir. 1998).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.  56(c).  In applying this standard, this court views the facts and reasonable inferences therefrom in a light most favorable to the non-moving party.  *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

Because the district court sufficiently set out the undisputed material facts in its order, this court need not repeat those facts here.  After conducting a *de novo* review of the parties' briefs and contentions, the district court order, and the entire record on appeal, this court finds no reversible error.  Thus, the order of the

United States District Court for the District of Utah granting summary judgment to the judgment creditors is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge